**Sara Tirschwell for Mayor, Inc. v Kramer**

2024 NY Slip Op 32655(U)

July 31, 2024

Supreme Court, New York County

Docket Number: Index No. 154123/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SABRINA KRAUS**                     PART                    **57M**

                                                                *Justice*

-----------------------------------------------------------------------------------X

SARA TIRSCHWELL FOR MAYOR, INC.,SARA             INDEX NO.          154123/2021
TIRSCHWELL

                                                 MOTION DATE        05/21/2024

                                    Plaintiff,
                                                 MOTION SEQ. NO.        004

                            - v -

STEVE KRAMER D/B/A GET OUTTHE VOTE,              **DECISION + ORDER ON
                                                      MOTION**

                                    Defendant.

-----------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178

were read on this motion to/for               _____SUMMARY JUDGMENT_____.

## BACKGROUND

Plaintiffs commenced this action alleging breach of contract against defendant whom they hired to collect the signatures needed to get Sara Tirschwell ("Tirschwell") on the June 22, 2021, Republican mayoral primary ballot in New York City. Defendant's counterclaim for defamation was dismissed by decision and order dated September 30, 2022.

By decision and order dated January 4, 2024, the Court, in relevant part, denied the portion of plaintiffs' cross-motion that sought partial summary judgment on their breach of contract claim, holding that while plaintiffs met their *prima facie* burden of establishing that a contract provision was breached, they "fail[ed] to present any argument as to how defendant's breach of the contract provision at issue directly or proximately caused the damages they [sought]."

By decision and order dated March 21, 2024, the Court denied plaintiff's motion for renewal and reargument of the prior order.

## PENDING MOTION

On May 12, 2024, defendant moved for an order pursuant to CPLR § 3212(b) granting it summary judgment dismissing plaintiff's sole cause of action for breach of contract.

## PERTINENT CONTRACT PROVISIONS

Defendant and plaintiff Sara Tirschwell for Mayor, Inc. entered into a "Consultant Agreement (the "contract") on February 27, 2021. The following provisions are at issue for the purposes of this motion:

1. Consulting Services. Client hereby retains Consultant, and Consultant hereby agrees to provide Client with the services set forth on Exhibit A, attached hereto and incorporated herein and such other services as may be assigned by Client management (collectively, the "Services"). Consultant has the right to control and direct the means, manner and method by which the Services are performed.

**EXHIBIT A**
**DESCRIPTION OF SERVICES**
Services to be Provided by Consultant
Consultant shall implement a GOP New York City Mayoral petition plan for Sara Tirschwell, with a target of 6,200 signatures. The services shall include:
- Get-Out-The-Vote field team recruitment / training / coordination for days covering March 2nd thru March 24th, 2021
    o 26 Paid Petitioners / Volunteer Petitioners
    o Poster/sign crews & field support staff
- Collect field data critical to absentee and issue targeting.
    o Extracting ID and specified information from field work.
    o Databank entry and conversion for phones / mailing / text, absentee & online targeting
- Daily validation & updating signatures against voter database
- Absentee ballot targeting in Senior Centers for mail-in balloting
- Delivery & installation of door hangers, street literature, signage at homes, apartments, businesses, intersections and other target points.
- Preparing petitions for a legal challenge to signatures
- 3 experienced Field Captains
- Increase neighborhood captain database
- Auto calls and texts to targeted voters
- Daily coordination with GOTV's NYC & DC staff

154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET          Page 2 of 6
Motion No. 004

[* 2]

- Base targeting to be determined and agreed to prior to March 2nd in consultation with campaign. Ongoing supplemental targeting

**EXHIBIT B**
**COMPENSATION**
**Compensation to be Paid to Consultant**
**Fee Schedule**
**Petitioners**
26 Petitioners x $125 shift x 19 shifts = $ 61,750
Meals (weekend) $8 x 26 Petitioners x 6 shifts = $ 1,248
26 Canvassers x $5.50 subway x 19 days = $ 2,717

**Field Captain**
3 Field Captains x $175 x 19 shifts = $ 9,975
Gas/Toll $35 x 19 shifts x 3 Captains = $ 1,995

**Auto Calls & Live Texts**
20,000 pre-auto calls x $.02 = $ 400
10,000 post-manual blast texts x $.08 = $ 800

**GOTV Consulting – Steve Kramer**
$75 x 19 days (NYC/DC staff) = $ 1,425

---

**New York City Mayoral petition total = $ 80,310**

### DISCUSSION

*Contentions*

Defendant contends that the contract was for the delivery of signatures, which makes it a contract for the sale of goods governed by the Uniform Commercial Code ("UCC"), comparing petition signatures to goods like fruit. It argues that pursuant to UCC § 2-606, plaintiffs accepted delivery of the signatures and failed to reject them after a reasonable opportunity for inspection, thus precluding plaintiff's breach of contract claim.

In opposition, plaintiff contend the contract was for services, based on a plain reading of the contract and defendants' own admissions. They argue that signatures are more alike to investment securities, which are explicitly stated not to be goods pursuant to UCC § 2-105(1), and that payment based on a set number of signatures procured would be illegal under New York

154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET
Motion No.  004

Page 3 of 6

3 of 6

[* 3]

Election Law § 17-122(4). They also contend that the motion is frivolous and seek attorney fees pursuant the 22 NYCRR § 130-1.1.

In reply, defendant argues that the purpose of the contract was to collect signatures, thus bringing the contract under the UCC even if it required services to "harvest" them. They argue that paying people for collecting signatures is not illegal under election law, only paying people for their own signatures, and that plaintiffs received the benefit of the bargain under the contract.[1]

*Analysis*

Under the UCC, "Goods" are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities... and things in action" as well as "the unborn young of animals and growing crops and other identified things attached to realty." NY UCC § 2-105(1). "If service predominates and the transfer of title to personal property is an incidental feature of the transaction, the contract does not fall within the ambit of the [UCC]." *Hagman v Swenson*, 149 AD3d 1 (1st Dept 2017), quoting *Schenectady Steel Co. v Bruno Trimpoli Gen Const. Co.*, 43 AD2d 234, 237 (3d Dept 1974), *affd.* 34 NY2d 939 (1974).

Here, even if the Court were to accept defendant's argument that petition signatures constitute goods within the meaning of the UCC, it is clear from a plain reading of the contract that services predominate, as the contract repeatedly mentions the services to be performed by defendant, with only a target number of signatures, and payment is largely tied to labor performed, except for some costs and expenses. Additionally, defendant cites no authority for the

---

[1] While plaintiffs purport to reject defendant's reply as untimely, submitted one day after the return date, and for failing to preserve the right to reply in its notice of motion, the court will consider the reply in the interests of justice.

**154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**                    **Page 4 of 6**
**Motion No.  004**

proposition that petition signatures constitute goods under the UCC, apart from a strained comparison to fruit.

As defendant's arguments for dismissal of plaintiffs' breach of contract claim are based solely on the UCC, and as the contract is not governed by the UCC, defendant's motion is denied.

### *Plaintiff's Request for Sanctions*

Pursuant to 22 NYCRR 130–1.1, the court, "in its discretion," may award costs, including attorney's fees, as well as impose financial sanctions against an attorney or firm that engages in "frivolous conduct," which includes conduct which:

> (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
> (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
> (3) it asserts material factual statements that are false.

The court must consider the circumstances under which the conduct took place and whether the conduct was continued when its lack of legal or factual basis was apparent or should have been apparent. 22 NYCRR 130–1.1(c). "Trial judges should be accorded wide latitude to determine the appropriate sanctions for dilatory and improper attorney conduct and we will defer to a trial court regarding sanctions determinations unless there is a clear abuse of discretion." *In re Kover*, 134 AD3d 64, 73-74 (1st Dept 2015); quoting *Pickens v. Castro,* 55 A.D.3d 443, 444 (1st Dept 2008).

Here, while defendant's motion is without merit, it is not frivolous to the point of being sanctionable.

### **CONCLUSION**

Accordingly, it is hereby:

**154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**   Page 5 of 6
**Motion No.  004**

5 of 6

ORDERED, that defendant's motion for summary judgment is denied; and it is further

ORDERED that, within 20 days from entry of this order, plaintiffs shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that this constitutes the decision and order of this court.

20240731093143SBKRAUS21D44ED59E9544B59115A218ABFBBB8C

| 7/31/2024 | | SABRINA KRAUS, J.S.C. |
|-----------|--|------------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|---|------------------------|--|--|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154123/2021   SARA TIRSCHWELL FOR MAYOR, vs. STEVE KRAMER D/B/A GET**
**Motion No.  004**

Page 6 of 6

6 of 6